UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES LEDESMA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:22-cv-1145 |
| | ) |
| STATE OF INDIANA BUREAU OF MOTOR VEHICLES and JOE B. HOAGE, in his personal and official capacity, | ) ) ) |
| | ) |
|     Defendants. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, James Ledesma, by counsel, and for his Complaint and Demand for Jury Trial against Defendants, the State of Indiana Bureau of Motor Vehicles ("BMV"), and Joe B. Hoage in his personal and official capacity ("Hoage"), and states as follows:

**NATURE OF THE CASE**

2. Ledesma brings this action against Defendants, the BMV and Hoage, for unlawfully violating his rights protected by the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et seq., Section 504 of the Rehabilitation Act of 1973, 29 U.S.C.A. § 701 et seq. (hereinafter "Section 504") and the *Ex Parte Young*, 209 U.S. 123 (1908) exception to the Eleventh Amendment.

**PARTIES**

3. At all times relevant to this action, Ledesma resided within the Southern District of Indiana.

4. Defendants operate in and conduct business in the Southern District of Indiana.

5. Ledesma was an "employee" as that term is defined by the ADA, 42 U.S.C. § 12111(4) and Section 504.

6. Defendants are "employer[s]" as that term is defined by the ADA, 42 U.S.C. § 12111(5)(A) and Section 504.

7. Ledesma was an employee under a "program or activity" pursuant to 29 U.S.C. § 794(b).

8. Plaintiff is an individual who has been regarded as having a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2) and/or Plaintiff is an individual with a disability and/or record of a disability, as that term is defined by the ADA, 42 U.S.C. § 12102(2) and 12111(8). Plaintiff is a "qualified individual with a disability" and/or has been perceived by Defendant to be disabled.

9. Plaintiff is an individual with a disability as that term is defined by Section 504, including 29 U.S.C. §§ 705(9) and (20).

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 29 U.S.C. § 794a; and 42 U.S.C. § 12117.

11. Ledesma exhausted his administrative remedies by filing a charge numbered 470-2021-02748 with the U.S. Equal Employment Opportunity Commission against Defendant, and receiving the appropriate notice of suit rights. Ledesma files the instant matter within ninety (90) days of receipt of said notice.

12. All of the events, transactions, and occurrences pertinent to this lawsuit have

occurred within the geographical environs of the Southern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

13. Defendants hired Plaintiff James Ledesma on or about January 2, 2018 as a part-time customer service representative. On August 13, 2018, he began working for Defendant full-time.

14. Ledesma's work performance met or exceeded the Defendants' legitimate expectations at all relevant times.

15. In or about November 2020 Defendants' branch manager told Ledesma that he would be promoted in about 4 months. Defendants fast tracked Ledesma for its enrichment program and potential promotion.

16. Ledesma has been diagnosed with a physiological impairment and serious medical condition which affects his hemic system.

17. The BMV shut down for in person business due to the COVID-19 pandemic in March, 2020, and directed its employees to file for unemployment benefits.

18. Ledesma requested the reasonable accommodation of a more consistent lunchtime.

19. On or about the last week of April 2020, Ledesma returned to work and stopped filing vouchers for unemployment benefits

20. On or about July 20, 2020, Ledesma provided his physician's response to the BMV's medical inquiry supporting his request for an accommodation. About a month thereafter, Defendants granted the accommodation.

21. In November 2020 Defendants hired new regional and branch managers over Ledesma.

22. On March 31, 2021, Defendant terminated Ledesma, purportedly for falsifying information on his unemployment claim.

23. Employees who don't suffer from disabilities and/or employees who had not engaged in protected activity have been treated more favorably than Ledesma.

24. Ledesma has been harmed by Defendant's unlawful actions, including but not limited to, financial loss, embarrassment, humiliation, and emotional distress.

## LEGAL ALLEGATIONS
### Count I: Disability Discrimination

25. Plaintiff hereby incorporates paragraphs one (1) through twenty-four (24) of his Complaint.

26. Defendants unlawfully terminated Ledesma because of his disability and/or because he requested accommodations for his disability.

27. Defendants stated reasons for terminating Ledesma are pretextual.

28. Defendants discrimination against Ledesma was done in reckless disregard for Ledesma's federally protected rights.

29. Actions of Defendants caused Ledesma both emotional and economic harm.

30. Intentional and unlawful employment actions of Defendant have violated Plaintiff's rights as they are protected by the Americans with Disabilities Act (ADA), as amended 42 U.S.C. § 12101 et seq.

## COUNT II: VIOLATIONS OF THE REHABILITATION ACT

31. Plaintiff hereby incorporates paragraphs one (1) through thirty (30) of his Complaint.

32. Ledesma has impairments which substantially limited one or more of his major life activities.

33. Alternatively, Defendants unreasonably regarded Ledesma as having a disability that interfered with his ability to perform her job.

34. Defendants unlawfully terminated Ledesma because he was disabled.

35. Defendants unlawfully retaliated against Ledesma for making requests for accommodation.

36. Defendants' stated reasons for terminating Ledesma are pretextual.

37. Defendants' discrimination of and retaliation against Ledesma was done in reckless disregard for Ledesma's federally protected rights.

38. Defendants' actions caused Ledesma both emotional and economic harm.

39. Defendants' intentional and unlawful employment actions have violated Plaintiff's rights as they are protected by the Rehabilitation Act.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, James Ledesma, respectfully requests that this Court enter judgment in his favor and provide him the following relief:

1. Reinstatement to his prior position, salary, seniority, and benefits, or pay front pay in lieu of reinstatement;

2. Enjoin Defendants from future violations of the ADA and the Rehabilitation Act;

  3.  All lost wages, benefits, compensation, and monetary loss suffered as a result of Defendants' unlawful actions;

  4.  Compensatory, consequential, and punitive damages;

  5.  All attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

  6.  Pre- and post-judgment interest on all sums recoverable; and

  7.  All other legal and/or equitable relief to which he is entitled.

            Respectfully submitted,

            John H. Haskin (7576-49)
            Paul A. Logan (17661-02)
            JOHN H. HASKIN & ASSOCIATES
            255 North Alabama Street, 2nd Floor
            Indianapolis, IN 46204
            Telephone: (317) 955-9500
            Facsimile: (317) 955-2570
            E-Mail:  jhaskin@jhaskinlaw.com
            E-Mail:  plogan@jhaskinlaw.com
            Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Comes now the Plaintiff, James Ledesma, by counsel, and demands a trial by jury on all issues deemed so triable.

                Respectfully submitted,

John H. Haskin (7576-49)
Paul A. Logan (17661-02)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Telephone:   (317) 955-9500
Facsimile:    (317) 955-2570
E-Mail:         jhaskin@jhaskinlaw.com
E-Mail:         plogan@jhaskinlaw.com
Attorneys for Plaintiff